# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. AHMED DIAA ELDIN ALI MOHAMED HUSSEIN,<br><br>Plaintiff,<br><br>v.<br><br>DR. MOHAMED AHMED MAAIT, in his official capacity as MINISTER OF FINANCE OF THE ARAB REPUBLIC OF EGYPT,<br><br>Defendant. | Civil Action No. 22-cv-02592<br><br>Electronically filed<br><br>Removed from:<br><br>Supreme Court of the State of New York County of New York<br><br>Index No.: 161134/2021 |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE THAT** Defendant Dr. Mohamed Ahmed Maait ("Defendant"), sued in his official capacity as Minister of Finance of the Arab Republic of Egypt, by and through his undersigned counsel, Dechert LLP, and reserving any and all defenses and exceptions, hereby removes to this Court the action described below pursuant to 28 U.S.C. § 1441(d).

In support of this Notice of Removal, Defendant states as follows:

### PROCEDURAL BACKGROUND

1.  On or about December 13, 2021, Plaintiff Dr. Ahmed Diaa Eldin Ali Mohamed Hussein ("Plaintiff") filed a Notice of Motion for Summary Judgment in Lieu of Complaint in the Supreme Court of the State of New York for the County of New York, captioned *Dr. Ahmed Diaa Eldin Ali Mohamed Hussein v. Dr. Mohamed Ahmed Maait*, Index No. 161134/2021 (the "State Court Case"). A true and correct copy of that Notice, the accompanying Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, the accompanying Affirmation of Dr. Ahmed Diaa Eldin Ali Mohamed Hussein (with its "Exhibit

A"), and the accompanying Request for Judicial Intervention are attached as Exhibits 1, 2, 3, and 4, respectively. The action seeks the recognition of several documents that purportedly constitute an Egyptian judgment against Dr. Maait.

2. On or about December 27, 2021, Plaintiff filed an Amended Summons and an Amended Notice of Motion for Summary Judgment in Lieu of Complaint in the State Court Case. True and correct copies of the Amended Summons and Amended Notice are attached as Exhibits 5 and 6. The Amended Notice states that the motion shall be heard on August 25, 2022.

3. Since the filing of Plaintiff's Amended Summons and Amended Notice, there have been no other proceedings or docketed events in the State Court Case. A true and correct copy of the docket sheet of the State Court Case is attached as Exhibit 7.

4. To effect service upon the Defendant, who is sued in his official capacity as the Minister of Finance for the Arab Republic of Egypt, and is a citizen of Egypt, Plaintiff submitted a Request for Service Abroad of Judicial or Extra Judicial Documents, dated January 24, 2022. A true and correct copy of that Request is attached as Exhibit 8. The Request states that "Defendant is required to file a RESPONSE with the Court and serve a copy upon Plaintiff's attorney within sixty (60) days after having received the Amended Summons and other documents herein." Ex. 8 ("RSA") at 3.

5. The Request also included an "FSIA Notice of Suit and Attachment." A true and correct copy of that Notice is attached as Exhibit 9. The Notice of Suit also states that Defendant has 60 days to respond.

6. The Request and its accompanying papers[1] were served upon an employee of the Egyptian State Lawsuits Authority in Egypt on February 3, 2022.

## GROUNDS FOR REMOVAL

7. Removal is warranted under 28 U.S.C. § 1441(d) and this Court has jurisdiction under 28 U.S.C. § 1330 because the "real party in interest" against which Plaintiff's claims are brought is the Arab Republic of Egypt, a foreign sovereign state. *See, e.g.*, *Samantar v. Yousuf*, 560 U.S. 305, 324–25 (2010). Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332 because Plaintiff asserts that he is a citizen of New York and Defendant is a subject of the Arab Republic of Egypt.

8. In recognition of the "important" objective of "allow[ing] for a uniform body of law concerning foreign states to emerge in the federal courts," *Refco, Inc. v. Galadari*, 755 F. Supp. 79, 83 (S.D.N.Y. 1991), Congress enacted 28 U.S.C. § 1441(d), which provides that "[a]ny civil action brought in a State court against a foreign state," as defined in section 1603(a) of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* ("FSIA"), "may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

---

[1] In addition to the Request, Exhibit 8, and the Notice, Exhibit 9, the Request was served along with the Request for Judicial Intervention, the Amended Summons, the Amended Notice of Motion for Summary Judgment in Lieu of Complaint, the Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, and the Affirmation of Dr. Ahmed Diaa Eldin Ali Mohamed Hussein (with its "Exhibit A"), Exhibits 2–6, and a Notice of Electronic Filing, a true and correct copy of which is attached as Exhibit 10. Two additional exhibits to the Hussein Affirmation (its "Exhibit B" and "Exhibit C") were filed in the State Court Case but were not served with the Request; those two documents are attached as Exhibits 11 and 12.

9. "Foreign state," for purposes of the FSIA, includes "a political subdivision of a foreign state" or "an agency or instrumentality of a foreign state," defined as any entity "which is a separate legal person, corporate or otherwise" that "is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof" and that "is neither a citizen of a State of the United States . . . nor created under the laws of any third country." 28 U.S.C. § 1603(a), (b).

10. Where plaintiffs, "through 'artful pleading'" or otherwise, bring an action against a foreign official "in his official capacity," courts will treat the action as "against the foreign state itself" if the foreign state is "the real party in interest." *Samantar*, 560 U.S. at 324–25 (quoting *Chuidian v. Philippine Nat'l Bank*, 912 F.2d 1095, 1102 (9th Cir. 1990)); *see also Smith Rocke Ltd. v. Republica Bolivariana de Venezuela*, No. 12-7316, 2014 WL 288705, at *11 (S.D.N.Y. Jan. 27, 2014) ("[W]here an official is sued in his official capacity, and where the action is clearly against the foreign state itself as the real party in interest, the case may be treated as an action 'against the foreign state itself, as the state is the real party in interest.'" (quoting *Samantar*, 560 U.S. at 325)).

11. The Arab Republic of Egypt is the "real party in interest" with respect to the State Court Action. First, Plaintiff seeks damages not from Defendant's "own pockets," *Samantar*, 560 U.S. at 325, but rather from the Arab Republic of Egypt. Plaintiff expressly seeks "compensat[ion]" from "the *Egyptian Government*," not Defendant, Ex. 1 ("MSJ") at 4 (emphasis added), given that the judgment Plaintiff seeks to enforce purportedly "arises from a foreign nation's [*i.e.*, the Arab Republic of Egypt's] expropriation of a New York resident's property," *id.* at 10. *See also* Ex. 3 (Hussein Aff.) ¶ 10 ("To date, I have not received any compensation from the Egyptian government for the taking of my interest in SIMO."); *id.* ¶ 16

3

("[T]he Egyptian government refused to honor the court's binding decision, or the decision which had been issued by the Chairman of the Investment Authority on behalf of the country."); *id.* ¶ 27 ("To date, the Egyptian government has refused to compensate the shareholders of SIMO, including myself, for the effective nationalization of the Company as required by Egyptian Law, the Egyptian constitution, and the final and binding Egyptian Judgment.").

12. Accordingly, because Plaintiff seeks compensation from the Arab Republic of Egypt, and not from Defendant in his individual capacity, the Arab Republic of Egypt is the "real party in interest" with respect to Plaintiff's claims. *See Smith*, 2012 WL 2930462, at *11; *see also Odhiambo v. Republic of Kenya*, 930 F. Supp. 2d 17, 35 (D.D.C. 2013), *aff'd* 764 F.3d 31 (D.C. Cir. 2014) (holding Kenyan government was "real party in interest" because, among other things, "any damages that [plaintiff] recovers in th[e] suit will be payable by the Kenyan government and not from the individual defendants").

13. Second, Plaintiff makes no allegations against Dr. Maait *as an individual*. Rather, Plaintiff's descriptions of the dispute underlying the purported judgment all pertain to the Arab Republic of Egypt or the "Minister of Finance," without identifying Dr. Maait by name. *See* MSJ at 2 (alleging "the Chairman of the Companies' Regulatory Authority issued a decision without legal authority or precedent to do so . . . and gave control of the Company to the Egyptian Government, under the auspices of the Chemical Holding Company, effectively expropriating all the shares of SIMO"); *id.* (alleging "the Chairman of the Investment Authority ordered that the Company be returned to its rightful owners out of the respect for the final binding order . . . [h]owever, the Egyptian government refused to honor the court's binding decision"); *cf. id.* at 3 (alleging "[i]n 2014, the Prime Minister of Egypt affirmed the Administrative Court Decision via Decree No. 961 and directed that the Minister of Finance

4

compensate all shareholders of SIMO, including Mr. Hussein, for the loss of their investment in the Company" (citation omitted)); *id.* at 3 (alleging Plaintiff "communicated with the Minister of Finance" and other government officials who "advised" him "to bring the matter before the Egyptian General Authority for Investment & Free Zones Technical Secretariat Ministerial Committee for Investment Disputes Settlement . . . in order to obtain his compensation for the Company"). Indeed, Plaintiff himself states that his basis for bringing this action is because "*the Egyptian Government* has failed and refused to compensate [him] in accordance with the final and binding Egyptian Judgment," MSJ at 4 (emphasis added), not because of anything Defendant did in his personal capacity.

14. This, too, indicates that Plaintiff's claims are brought not against Defendant, individually, but against the Arab Republic of Egypt. *See Rahim v. Sec., Establishment Div., Government of People's Republic of Bangladesh*, No. 11-3368, 2011 WL 3625580, at *2 (E.D.N.Y. Aug. 12, 2011), *aff'd* 481 F. App'x 18 (2d Cir. 2012); *see also Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 72 (D.D.C. 2013) (foreign state was "real party in interest" where plaintiff alleged individual defendants' actions "were actions of the Iranian 'regime'"); *Gomes v. ANGOP, Angola Press Agency*, No. 11-0580, 2012 WL 3637453, at *13 (E.D.N.Y. Aug. 22, 2012) (finding foreign state was "real party in interest" where "Plaintiff ma[de] no allegations against the Individual Defendants regarding actions taken by them outside of their respective roles in Angola's political structure").

15. Finally, Plaintiff has not purported to serve Dr. Maait in his individual capacity. Rather, service was made upon the Egyptian State Lawsuits Authority, which is designated under Egyptian law to accept service upon ministers in their official capacities.

16.     Accordingly, because the Arab Republic of Egypt is the "real party in interest" with respect to this action, this Court has jurisdiction under 28 U.S.C. § 1330 and removal is proper pursuant to 28 U.S.C. § 1441(d).  Alternatively, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## REMOVAL IS TIMELY

17.     This Notice of Removal is timely under 28 U.S.C. § 1441(d), which provides that "[w]here removal is based upon" § 1441(d), the 30-day removal deadline under § 1446(d) "may be enlarged at any time for cause shown."

18.     Factors considered in determining whether the requisite "cause" is shown include "the purpose of the removal statute, the extent of prior activity in the state system, the prejudice to both parties, the effect of the substantive rights of the parties and any intervening equities." *Refco*, 755 F. Supp. at 83; *see also Steadman v. Sinclair*, No. 96-599, 1996 WL 257664 at *3 (S.D.N.Y. May 16, 1996).  Each of these factors weigh in favor of permitting enlargement of the 30-day removal deadline.

19.     First, because the Arab Republic of Egypt is the "real party in interest," "the desire to have claims against foreign states heard in federal court and to develop a uniform body of law applicable to foreign states, are important factors to be considered in determining whether cause has been shown."  *Steadman*, 1996 WL 257664, at *3; *Leith v. Lufthansa German Airlines*, 793 F. Supp. 808, 811 (N.D. Ill. 1992) (courts "must be mindful of Congress' objective of uniformity in the law and impartiality toward the foreign entity").  The "purpose of the removal statute," thus, weighs in favor of enlarging the 30-day removal deadline.

20.     Second, as described above, there has been no activity in the State Court Action, apart from the filing of Plaintiff's Notice and Amended Notice and Motion for Summary Judgment in Lieu of a Complaint.  *See* Ex. 7.  Plaintiff has not yet filed a return of service form

6

in the State Court Action. *Id.* Accordingly, this factor, too, weighs in favor of enlarging the 30-day removal deadline. *See, e.g.*, *Refco*, 755 F. Supp. at 84 (cause shown despite five year delay, where there had been little progress in state court); *Fabe v. Aneco Reinsurance Underwriting Ltd.*, 784 F. Supp. 448, 451–52 (S.D. Ohio 1991) (removal allowed despite five month delay); *Leith*, 793 F. Supp. at 811 (late removal allowed given "little or no progress" in the state court, which "eliminat[es] the concern of wasting judicial resources").

21.   Finally, enlargement of the 30-day removal deadline would not prejudice the parties or affect their substantive rights, given the advantages and Congressional preference of litigating this case in a federal forum. *See Steadman*, 1996 WL 257664, at *3; *Leith*, 793 F. Supp. at 811. Additionally, this Court is well suited to apply any New York state law or applicable federal law, including the FSIA, that is likely to arise during the course of these proceedings.

22.   Defendant moved expeditiously to obtain qualified United States counsel, which required proper diligence and identification of counsel competent to litigate the complex issues in this case arising under the FSIA. Given that Defendant did not engage the undersigned counsel until March 1, 2022, the preparation and filing of this Notice of Removal was made as soon as was reasonably possible.

23.   Accordingly, cause exists to enlarge the 30-day removal deadline.

**WHEREFORE**, Defendant notices the removal of this action from the Supreme Court of the State of New York for the County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1330 and 1441(d).[2]

---

[2] Nothing in this Notice of Removal is intended or should be construed as an express or implied admission by Defendant, including but not limited to an admission of any fact alleged by

7

|  |  |
|---|---|
| Dated: New York, New York<br>March 30, 2022 | Respectfully submitted,<br><br>*/s/ Linda C. Goldstein*<br>Linda C. Goldstein<br>DECHERT LLP<br>1095 Avenue of the Americas<br>Three Bryant Park<br>New York, New York 10036<br>Telephone: (212) 698-3500<br>Email: linda.goldstein@dechert.com<br><br>*Counsel for Defendant Dr. Mohamed Ahmed Maait, in his official capacity as Minister of Finance of the Arab Republic of Egypt* |

---

Plaintiff; the validity or merit of any of Plaintiff's claims or allegations; or that Plaintiff is entitled to any of the relief that he seeks in the Amended Notice or any other relief. Further, nothing in this Notice of Removal is intended to or should be construed as a limitation of any of Defendant's rights, claims, remedies, or defenses in connection with this action. Defendant expressly reserves all such rights and defenses.

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March 2022, a true and correct copy of the foregoing Notice of Removal was served upon counsel of record for Plaintiff by first class mail and email at the addresses below:

>Daniel A. Schnapp
>Eric M. Ferrante
>Catherine A. Savio
>NIXON PEABODY LLP
>55 West 46th Street
>New York, NY 10036-4120
>Tel.: (212) 940-3000
>dschnapp@nixonpeabody.com
>eferrante@nixonpeabody.com
>csavio@nixonpeabody.com
>
>Clerk of Court, Supreme Court of the State of New York for the County of New York

Dated: New York, New York
March 30, 2022

*/s/ Linda C. Goldstein*
Linda C. Goldstein
DECHERT LLP
1095 Avenue of the Americas
Three Bryant Park
New York, New York 10036
Telephone: (212) 698-3500
Email: linda.goldstein@dechert.com

*Counsel for Defendant Dr. Mohamed Ahmed Maait, in his official capacity as Minister of Finance of the Arab Republic of Egypt*

9